UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BENJAMIN HULETT, an individual,

Plaintiff,

v.

ARAMARK CAMPUS, LLC, a Delaware limited liability company; RODERIQUE STEVE GERRIOR, an individual; TIM LAMB, an individual; JAMIE SCHAFTARY, an individual; ROBIN STEFANIK, an individual; SOLOMON SAFER, an individual; and DOES 1 through 50, inclusive,

Defendants.

Case No. 1:26-cv-04756-JLT-EGC

ORDER DENYING PLAINTIFF'S MOTION TO REMAND TO MARIPOSA SUPERIOR COURT AND FOR ATTORNEY'S FEES AND COSTS

(Doc. 4)

## I. INTRODUCTION

Benjamin Hulett brought the action in Mariposa Superior Court alleging causes of action for race discrimination, harassment, retaliation, wrongful termination and related claims stemming from his employment by a contractor at Yosemite National Park.[1] (*See* Doc. 1-1). Soon thereafter, Aramark removed the action from the Mariposa Superior Court to this Court under 28 U.S.C. §§ 1331, 1441(a) and 1446[2]. (Doc. 1).

[1] The Mariposa Superior Court action is *Benjamin Hulett v. Aramark Campus, LLC, et al.*, Case No. 26-CVCV-0012750.

[2] Apparently unaware of the removal to this Court, not long after Aramark removed the matter, codefendant Solomon Safer, did the same. (Consolidated Case No. 1:26-cv-05932-JLT-EGC, Doc. 1). Defendants Aramark,

Plaintiff now moves the Court to remand this action in whole or part and for attorney's fees and costs incurred therein, pursuant to 28 U.S.C. § 1447(c).[3, 4] (Doc. 4). Aramark Campus, LLC (Aramark) opposes the motion. (Doc. 6).

For the reasons discussed below, the Court finds the removing defendants have carried their burden of establishing federal jurisdiction, and DENIES plaintiff's motion to remand and for attorney's fees and costs.[5]

## II. DISCUSSION

### A. Removal Of The Action Is Not Procedurally Deficient For Lack Of "Unanimity"

The Court observes that the party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

In general, a defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). *Gianelli v. Schoenfeld*, 2021 WL 2106365, at *3 (E.D. Cal. May 25, 2021), *report and recommendation adopted*, 2021 WL 2662044 (E.D. Cal. June 29, 2021). "The mechanics and requirements for removal are governed by 28 U.S.C. § 1446." *Id.* (citing *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013)). To remove an action, the removing defendant(s) "shall file [in the appropriate district court] a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings,

---

Schaftary, and Stefanik consented to Safer's removal. (*Id*. at 6).

[3] 28 U.S.C. § 1447(c) provides "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case."

[4] Plaintiff has requested the Court consider the remand motion in connection with the consolidated or related removal proceedings. (See Case No. 1:26-cv-05932-JLT-EGC, Doc. 7 at 3).

[5] The Court finds the instant remand motion suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

and orders served upon such defendant or defendants in such action." *Id*. citing 28 U.S.C. § 1446(a).

"When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). This is commonly referred to as the "unanimity requirement," or "rule of unanimity." *Lewis v. City of Fresno*, 627 F. Supp. 2d 1179, 1182-83 (E.D. Cal. 2008). Each defendant has "30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). These "time limits . . . are mandatory," and a "timely objection to a late petition will defeat removal." *Palmeira v. CIT Bank, N.A.*, 2017 WL 4797515, at *3 (D. Haw. Oct. 24, 2017) (quoting *Smith v. Mylan Inc*., 761 F.3d 1042, 1045 (9th Cir. 2014)); *see also Hauss v. Home Depot USA, Inc*., 2023 WL 5382164, at *2 (E.D. Cal. Aug. 21, 2023) ("The 30-day time limit is mandatory.").

The Ninth Circuit does not require each defendant to submit written notice of consent, so long as at least one defendant's attorney certifies in the notice of removal that all defendants consent to removal. *Gianelli*, 2021 WL 2106365, at *3-4 (citing *Proctor v. Vishay Intertechnology Inc*., 584 F.3d 1208, 1225 (9th Cir. 2009)) ("One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient."). In a multi-defendant case like this one, numerous courts including this Court have affirmed that "defendants must consent to removal within the 30-day removal period of the last-served defendant." *Gray v. Alvarez*, 2025 WL 1009096, at *2-3 (E.D. Cal. Apr. 4, 2025), *report and recommendation adopted*, 2025 WL 1936938 (E.D. Cal. July 15, 2025) (quoting *Lopez v. Weinig*, 2020 WL 4192260, at *4 (C.D. Cal. July 17, 2020)) (collecting cases); *Lewis*, 627 F. Supp. 2d at 1182 (Procedural defects in removal are not jurisdictional and may be waived).

Plaintiff asserts that Aramark's removal is deficient under the rule of unanimity, 28 U.S.C. § 1446(b)(2)(A), because individual defendants Robin Stefanik and Jamie Schaftary had been personally served in the action, but did not join in or consent to removal.[6] (Doc. 4 at 2-3, 6-8). However, the properly joined and served defendants, through their common counsel, have demonstrated consent to

[6] 28 U.S.C. § 1446(b)(2)(A) provides that "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."

removal. (*See* Docs, 1, 1-1; Consolidated Case No. 1:26-cv-05932-JLT-EGC, Docs. 1, 1-1; *see also Lewis*, 627 F. Supp. 2d at 1186 (all consenting defendants appeared through common counsel); *Moore-Thomas*, 553 F.3d at 1244 ("[T]he defendant always has the burden of establishing that removal is proper."); *Smith v. Furniture Deals, Inc.*, 2020 WL 429130, at *3 (E.D. Cal. Jan. 28, 2020) ("Once the plaintiff raises a procedural defect in the removal, it is the removing defendant's burden to show compliance with the pertinent procedural requirement."); *Solvey v. Mehta*, 2026 WL 1162717, at *2 (E.D. Cal. Apr. 29, 2026), *report and recommendation adopted*, 2026 WL 1374636 (E.D. Cal. May 15, 2026) (citing *Moore-Thomas*, 553 F.3d at 1244 (the removing party bears the burden of showing removal is proper by a preponderance of the evidence). Plaintiff's failure to reply to the opposition appears to concede as much, at least implicitly.

Therefore, all defendants who have been properly joined and served in the consolidated action have timely removed and consented to removal. 28 U.S.C. § 1446(a-b); *see also Gianelli*, 2021 WL 2106365, at *13 (courts in this district, including the undersigned, routinely recognize later joinders to removal as curing prior procedural unanimity defects). Here, defendant Safer's removal notice satisfies the 28 U/S.C. § 1446(b)(2)(C) exemption from unanimity as to the properly joined and served defendants, mooting plaintiff's asserted procedural defect.

**B. Defendants Have Not Waived Their Right to Remove**

Plaintiff asserts that Aramark's answer filed in the state action one day prior to removal constitutes a waiver of its right to remove because that litigation conduct goes beyond mere defensive pleading meant to avoid default. (*See* Doc. 4 at 2, 4, 9-10). Plaintiff points to the answer's twenty affirmative defenses addressing the merits of every cause of action and suggests the answer "crosses the line into clear and unequivocal waiver[.]"[7] (*Id.* at 10).

A defendant may waive its right to remove a case to federal court by "tak[ing] actions in state court that manifest [its] intention to have the matter adjudicated there, and to abandon [its] right to a federal forum." *Quinonez v. Jobworks, Inc.*, 2015 WL 4873089, at *3 (S.D. Cal. Aug. 13, 2015) (citing *Resolution Trust Co. v. Bayside Developers,* 43 F.3d 1230, 1240 (9th Cir.1994)). Federal courts have

[7] Similarly, defendants Safer, Schaftary, and Stefanik filed an answer consisting of a general denial and affirmative defenses on the day prior to removal in the consolidated proceeding. (See consolidated Case No. 1:26-cv-05932-JLT-EGC Doc. 1-3).

held that, once a claim for enforcement of a federal right has been made in state tribunals, a defendant waives its right to remove by "demonstrating a 'clear and unequivocal' intent to remain in state court." *Stark-Romero v. Nat'l R.R. Passenger Co*., 763 F. Supp. 2d 1231, 1279-80 (D.N.M. 2011) (citing *Grubb v. Donegal Mut. Ins. Co.,* 935 F.2d 57, 59 (4th Cir. 1991)). A clear intent to remain in state court may be shown by taking "substantial defensive action" before removal, *Aqualon v. Mac Equip., Inc.,* 149 F.3d 262, 264 (4th Cir. 1998), *abrogated in part on other grounds recognized by Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, 865 F.3d 181, 186 (4th Cir. 2017); or by seeking a final determination on the merits of the case before removal, *see Wolfe v. Wal-Mart Corp.,* 133 F.Supp.2d 889, 893 (N.D. W. Va. 2001) (holding that filing a motion for summary judgment in state court constituted waiver); s*ee also Aqualon.,* 149 F.3d at 264 ("[A]lthough a defendant may yet waive its 30–day right to removal [under 28 U.S.C. § 1446(b), after federal jurisdiction becomes appropriate] by demonstrating a 'clear and unequivocal' intent to remain in state court, such a waiver should only be found in 'extreme situations.' ") (quoting *Grubb,* 935 F.2d at 59).

Preliminary defensive actions that fall short of submitting a claim for a merits decision do not manifest an intent to stay in state court. *See Kosen v. Ruffing,* 2009 WL 56040, at *6 (S.D. Cal. Jan.7, 2009) ("Actions taken in state court to preserve the status quo are necessary defensive actions that do not cause a waiver of the right to remove . . . merely filing a pleading in response to the complaint will not result in waiver."); *cf. Acosta v. Direct Merchants Bank,* 207 F.Supp.2d 1129, 1131 (S.D. Cal. 2002) (finding defendant waived removal by filing a cross-complaint, and thus, invoking the jurisdiction of the state court as a plaintiff).

In this case, defendants merely answering the state complaint does not demonstrate a "clear and unequivocal" desire to adjudicate the merits of the case in state court and does not result in a waiver of the right to remove. *See Koklich v. California Dep't of Corr*., 2012 WL 653895, at *4 (E.D. Cal. Feb. 28, 2012) (citing *Acosta,* 207 F.Supp.2d at 1131); *see also Oster v. Standard Life Ins. Co.,* 2009 WL 1260174, at *1 (N.D. Cal. May 6, 2009) ("Waiver will not occur, however, when the defendant's participation in the state action has not been substantial or was dictated by the rules of that court."); *Haynes v. Gasoline Marketers, Inc.*, 184 F.R.D. 414, 416 (M.D. Ala. 1999) (finding the defendant did not waive its right to remove, because filing an answer in state court was not a

manifestation of clear and unequivocal intent to litigate on the merits in state court). It makes sense that filing an answer, making preliminary motions, and the like do not waive the right of removal, since the concept of waiver is meant to discourage defendants from using removal as an insurance policy to protect against unfavorable outcomes in state court. *Landry v. Cross Country Bank*, 431 F. Supp. 2d 682, 687 (S.D. Tex. 2003). Again, plaintiff's failure to reply to the opposition appears to concede as much, at least implicitly. Regardless, the Court concludes that defendants did not waive their right to removal by answering in state court and they are not procedurally barred in this regard.

**C. The Ninth Cause of Action Is Within The Court's Supplemental Jurisdiction**

Plaintiff asserts that if his motion for remand of the entire action is denied, the Court should permit partial remand of the Ninth Cause of Action seeking state law wages due upon termination of employment and related penalties (Cal. Lab. Code §§ 201, 203) under the collective bargaining agreement (CBA) negotiated between Aramark and plaintiff's union under which plaintiff is employee and third-party beneficiary. (*See* Doc. 4 at 2-3, 9; *see also* consolidated Case No. 1:26-cv-05932-JLT-EGC, Doc. 1-1 at 47-50). Plaintiff asserts this Cause of Action is neither preempted under Section 301 of the Labor Management Relations Act (LMRA, § 301), nor within the Court's supplemental jurisdiction.[8] (*See* Doc. 4 at 2-3, 9).

Under 28 U.S.C. § 1447(c), a district court may not remand a case in its entirety where there is subject matter jurisdiction over some portion of it. *See Koklich*, 2012 WL 653895, at *5 (citing *Lee v. Am. Nat'l Ins. Co.,* 260 F.3d 997, 1002 (9th Cir. 2001)) Still, upon removal, "the district court shall sever from the action all claims [not within the court's original or supplemental jurisdiction or which are nonremovable by statute] and shall remand the severed claims to the State court from which the action was removed." 28 U.S.C. § 1441(c)(2). Though Aramark's notice of removal did not argue for 28 U.S.C. § 1331 original federal-question jurisdiction or 28 U.S.C. § 1367 supplemental jurisdiction over the Ninth Cause of Action as a basis for removal, Safer's notice of removal argues both these jurisdictional grounds. (*See* Consolidated Case No. 1:26-cv-05932-JLT-EGC, Doc. 1 at 4-5).

LMRA § 301 states in relevant part that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be

[8] Section 301 of the LMRA ("§ 301"), codified at 29 U.S.C. § 185(a).

brought in any district court of the United States having jurisdiction of the parties. . . .” *Densmore v. Mission Linen Supply*, 164 F. Supp. 3d 1180, 1185 (E.D. Cal. 2016). The LMRA expresses a federal policy that federal courts should enforce these agreements on behalf of or against labor organizations and that industrial peace can be best obtained only in that way. *Id.* (citing *Textile Workers Union of Am. v. Lincoln Mills of Ala.*, 353 U.S. 448, 456-57 (1957)). As a result, because “[a]n action arising under § 301 is controlled by federal substantive law even though it is brought in state court,” the Supreme Court has deemed it proper for such cases to be removed to federal court under federal question jurisdiction. *Id.* (citing *Avco Corp. v. Aero Lodge No. 375, Intern. Ass'n of Machinists and Aerospace Workers*, 390 U.S. 557, 560 (1968)). “This federal common law, in turn, preempts the use of state contract law in [CBA] interpretation and enforcement.” *Matson v. United Parcel Serv., Inc.*, 840 F.3d 1126, 1132 (9th Cir. 2016) (quoting *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 689 (9th Cir. 2001) (en banc)).

Here, it is undisputed that plaintiff's action involves claims under Title VII, 42 U.S.C. § 1981, the CBA, and state law. (*See* Docs.1, 1-1; Consolidated Case No. 1:26-cv-05932-JLT-EGC, Docs. 1, 1-1). Still, Aramark has not shown the Court has original federal question jurisdiction under 28 U.S.C. § 1331 over the Ninth Cause of Action.[9] In particular, Aramark has not shown the CBA includes language creating a right to or referencing the time for payment of earned and unpaid wages to an employee upon termination and related penalties, the core allegations asserted in the Ninth Cause of Action. Nor has Aramark shown that interpretation of the CBA would be required to resolve the Ninth Cause of Action. *See Burnside v. Kiewit Pacific Corporation*, 491 F.3d 1053, 1059-60 (9th Cir. 2007) (preemption under § 301 requires a showing that the right to be enforced exists solely as a result of the collective bargaining agreement or that the claim to be resolved is dependent on the interpretation of the collective bargaining agreement); *Densmore*, 164 F. Supp. 3d at 1196 (citing *Burnside*, 491 F.3d at 1074) (no § 301 preemption where interpretation of the CBAs is not required in order to resolve Cal. Labor Code sections 201 and 202 claims); *Davalos v. A. Teichert & Son, Inc.*, 2019 WL 93539, at *1-2 (E.D. Cal. Jan. 3, 2019) (“[N]ot every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is preempted by § 301.”); *Renteria-Hinjosa v.*

[9] The CBA is not part of the record in the removed action.

*Sunsweet Growers, Inc*., 2023 WL 6519308, at *1 (E.D. Cal. Oct. 5, 2023), *aff'd sub nom. Renteria-Hinojosa v. Sunsweet Growers, Inc*., 150 F.4th 1076 (9th Cir. 2025) (while there were collective bargaining agreements which gave rise to the claims, plaintiff has not brought claims alleging a violation of these agreements, but rather alleges that Defendant engaged in multiple violations of the California Labor Code).

However, the Court will exercise supplemental jurisdiction over the Ninth Cause of Action. The Ninth Circuit is clear that "a district court may exercise supplemental jurisdiction over claims that are brought in conjunction with claims that are preempted by the LMRA." *Brown v. Brotman Med. Ctr., Inc*., 571 F. App'x 572, 576 (9th Cir. 2014). The Court in this matter has original jurisdiction and the Ninth Cause of Action is part of the same Article III case or controversy as claims within the Court's original jurisdiction. 28 U.S.C. § 1367(a); *see United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 725 (1966) (holding that to exercise supplemental jurisdiction, "[t]he state and federal claims must derive from a common nucleus of operative fact"); *see also Brown*, 571 Fed. App'x at 576 (the court may exercise supplemental jurisdiction over claims that are brought "in conjunction with" a preempted claim); *Josephson v. Lamon Constr. Co. Inc.*, 2023 WL 9183255, at *5 (E.D. Cal. Dec. 8, 2023) (citing *Blackwell v. Com. Refrigeration Specialists, Inc.*, 2021 WL 2634501, at *5 (E.D. Cal. June 25, 2021)) (upholding the exercise of supplemental jurisdiction over non-preempted claims where a preempted claim arose from the same employment relationship); *Kuba v. 1-A Agr. Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004) (quoting *Trs. of the Constr. Indus. & Laborers Health & Welfare v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003)) ("Nonfederal claims are part of the same 'case' as federal claims when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding.").

Here, plaintiff's Twelfth Cause of Action alleging breach of the CBA incorporates Causes of Action One through Eleven and raises the predicate employment termination that underlies the Ninth Cause of Action's state law wage claim. (*See* Docs. 1, 1-1; Consolidated Case No. 1:26-cv-05932-JLT-EGC, Docs. 1, 1-1). To that extent, the Ninth Cause of Action is derivative of the preempted Twelfth Cause of Action. Both rely upon a necessary nucleus of common facts, i.e. the same Article III case or controversy. *See* 28 U.S.C. § 1367(a).

The Court finds no basis upon which to decline the exercise of supplemental jurisdiction. 28 U.S.C. § 1367(c). The Ninth Cause of Action does not raise a novel or complex issue of State law; does not substantially predominate over the pending Causes of Action within the Court's original jurisdiction; and there are not compelling reasons for declining supplemental jurisdiction. *Id*.

In deciding whether to exercise supplemental jurisdiction, courts consider "the values of judicial economy, convenience, fairness, and comity[.]" *Shanley v. Tracy Logistics LLC*, 756 F. Supp. 3d 820, 834-35 (E.D. Cal. 2024) (citing *Brooks v. FCI Lender Servs.*, 2018 WL 495634, at *2 (E.D. Cal. Jan. 22, 2018). Here, exercising supplemental jurisdiction over the Ninth Cause of Action will further the interests of justice, conserve judicial resources, and avoid potentially duplicative and inconsistent judgments. *See Rodriguez v. Sukut Construction, Inc*., 2022 WL 18012518, at *6 (E.D. Cal. Dec. 9, 2022) (exercising supplemental jurisdiction where the non-federal claims "arise from the same working conditions and relationship with Defendant[s] during the same period" as the preempted federal claims).

Therefore, the Court finds that the Ninth Cause of Action, though not within the Court's original jurisdiction, is within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367, and removable on that basis.

**D. Plaintiff Is Not Entitled To Attorney's Fees And Costs As A Result Of Removal**

Plaintiff asserts that he is entitled to attorney's fees and costs pursuant to 28 U.S.C. § 1447( c).[10] (*See* Doc. 4 at 10-11).

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Parker v. St. Mary Med. Ctr.,* 2026 WL 524046, at *8 (C.D. Cal. Feb. 25, 2026) (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)). In applying this rule, "district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.*

The objective reasonableness of removal depends on the clarity of the applicable law and

[10] See n.1.

whether such law "clearly foreclosed" the defendant's basis of removal. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066-67 (9th Cir. 2008). "If the law in the Ninth Circuit is not so clear as to make the removing party's endeavor entirely frivolous, a court will deny the request for attorney's fees." *FSM Dev. Bank v. Arthur*, 2012 WL 1438834, at *7 (N.D. Cal. Apr. 25, 2012) (quoting *Lion Raisins, Inc. v. Fanucchi,* 788 F.Supp.2d 1167, 1175 (E.D. Cal. 2011).

In this case, plaintiff is not entitled to attorney's fees and costs incurred because of removal because removal was objectively reasonable and ultimately meritorious. *See* 28 U.S.C. § 1447(c) (following remand of a case upon unsuccessful removal, the district court may award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").

**III. CONCLUSIONS**

Defendants' removal is not procedurally barred by lack of unanimity or waiver of the right to remove. The removed action's Ninth Cause of Action seeking state wages upon termination and waiting time penalties is within the Court's supplemental jurisdiction. Plaintiff is not entitled to 28 U.S.C. § 1447(c) attorney's fees and costs. Therefore, the Court **ORDERS**:

1. The motion to remand and for an award of associated attorney's fees and costs (Doc. 4) is **DENIED.**

IT IS SO ORDERED.

Dated: August 28, 2026

UNITED STATES DISTRICT JUDGE